UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN ALEXANDER ALVARENGA MATUTE,<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, Mesa Verde ICE Processing Center Facility Administrator; JOHNNY J. BAILEY, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,<br><br>Respondents. | No. 1:25-cv-01206-KES-SKO (HC)<br><br>ORDER CONVERTING TEMPORARY RESTRAINING ORDER INTO PRELIMINARY INJUNCTION<br><br>Docs. 14, 22, 24 |

This habeas action concerns the re-detention of petitioner Fabian Alexander Alvarenga Matute, a noncitizen whom immigration authorities released in 2024 under 8 U.S.C. § 1226(a), but then re-detained in September 2025 on the asserted ground that he was subject to detention under 8 U.S.C. § 1225(b)(2)(A). On October 3, 2025, the Court granted petitioner's motion for a temporary restraining order ("TRO") and ordered his release. Doc. 14. The Court subsequently modified and extended the TRO. Doc. 22. The modified TRO reflected that a removal order had been issued for petitioner. *See id.* On January 8, 2026, the parties filed a joint status report stating that the immigration court had granted petitioner's request to reopen his removal

proceedings. Doc. 23. Given this, on January 12, 2026 the Court ordered respondents to show cause why the TRO should not be converted into a preliminary injunction. Doc. 24. Respondents' response notes that they "rest on their previous submissions to the Court." Doc. 25 at 1. As addressed below, the Court converts the TRO into a preliminary injunction.

**I.      Background**

On October 3, 2025, the Court granted petitioner's motion for TRO after briefing by the parties. *See* Docs. 7, 11, 14. The Court ordered respondents to release petitioner and enjoined respondents from re-detaining him unless they demonstrated, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner was a flight risk or danger to the community. Doc. 14. The Court also ordered respondents to show cause why a preliminary injunction should not issue. Doc. 14 at 14–15.

Respondents subsequently filed a motion to dismiss and argued that the case was moot because, on October 1, 2025, petitioner had consented to his removal, withdrawn his application for asylum and withholding of removal, and waived his right to appeal the immigration judge's removal order.[1] Doc. 15. Petitioner opposed the motion and asserted that his counsel would be moving to reopen his removal proceedings. Following a hearing, the Court denied respondents' motion to dismiss on October 24, 2025, and extended the TRO. Doc. 22. The Court modified the TRO to reflect the immigration court's issuance of an order of removal for petitioner. *Id.* The modified TRO clarified that it did not prevent respondents from executing the removal order and did not prevent respondents from requiring petitioner to self-surrender to respondents' custody, or from taking petitioner into custody if he failed to timely self-surrender on ten (10) days' notice, for the purposes of executing petitioner's prompt physical removal from the United States. *See id.* at 7–8. Those provisions of the modified TRO are no longer relevant, as the immigration court has now granted petitioner's motion to reopen his removal proceedings and the removal order is no longer in effect.

---

[1] At the time the TRO was issued, counsel for the parties were apparently unaware that petitioner had consented to his removal on October 1, 2025, and they did not inform the Court of this development until after the entry of the TRO.

2

On January 8, 2026, the parties filed a joint status report noting that the immigration court had granted petitioner's request to reopen his removal proceedings on the ground that petitioner had not been fully advised of his appeal rights when he consented to removal. Doc. 23 at 2. On January 12, 2026, the Court ordered respondents to show cause why the TRO should not be converted into a preliminary injunction. Doc. 24. Respondents indicate in their response that they "rest on their previous submissions to the Court." Doc. 25 at 1.

## II. Discussion

The standards for issuing a temporary restraining order and a preliminary injunction are substantially the same, *see Stuhlbarg Int'l Sales Co. v. John D. Bush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), and respondents had notice and opportunity to respond in opposition, *see* Docs. 11, 25. For the reasons stated in the initial order granting petitioner's motion for temporary restraining order, Doc. 14, the Court grants a preliminary injunction pending a final disposition of this matter.

## III. Order

Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Garcia*, 2025 WL 1676855, at *3; *Pinchi*, 2025 WL 1853763, at *4.

This matter is referred to the assigned magistrate judge for further proceedings including the preparation of findings and recommendations on the petition or other appropriate action.

IT IS SO ORDERED.

Dated:  January 12, 2026

UNITED STATES DISTRICT JUDGE