UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FABIAN ALEXANDER A. M.,[1]

Petitioner,

v.

MINGA WOFFORD, Mesa Verde ICE Processing Center Facility Administrator; JOHNNY J. BAILEY, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,

Respondents.

No.  1:25-cv-01206-KES-SKO (HC)

**FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS**

**(Doc. 1)**

**[21-DAY OBJECTION DEADLINE]**

Petitioner Fabian Alexander A. M. is a noncitizen whom immigration authorities released in 2024 under 8 U.S.C. § 1226(a), but then re-detained in September 2025 on the asserted ground that he was subject to detention under 8 U.S.C. § 1225(b)(2)(A).  On October 3, 2025, the Court granted petitioner's motion for a temporary restraining order ("TRO") and ordered his release.  (Doc. 14.) On January 12, 2026, the Court converted the motion for temporary restraining order

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

to a motion for preliminary injunction and granted said motion. (Doc. 26.) Per the Court's order, pending final adjudication of the matter, Respondents were enjoined and restrained from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. (Doc. 26 at 3.) The matter was referred to the undersigned for further proceedings including preparation of findings and recommendations on the petition or other appropriate action.

On February 4, 2026, the Court issued an order directing the parties to advise the Court whether they wished to stand on their submissions to date, or whether the parties wished to provide additional briefing. (Doc. 27.)  On February 9, 2026, Petitioner filed a statement advising the Court he wished to stand on his submissions. (Doc. 28.) Respondent did not file a response.

Petitioner alleges he was denied his due process rights when he was re-detained without a pre-deprivation bond hearing. In the order granting the temporary restraining order, the Court agreed with Petitioner. (Doc. 14 at 10-11.) For the same reasons stated in the order, and in other previous cases, see Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC) (E.D. Cal. Jan. 12, 2025), Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition should be granted.

**RECOMMENDATION**

For the foregoing reasons, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED, and Petitioner be permanently enjoined and restrained from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a

party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:  **February 10, 2026**                  /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE