**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FABIAN ALEXANDER ALVARENGA MATUTE,<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, Mesa Verde ICE Processing Center Facility Administrator, et al.,<br><br>Respondents. | No. 1:25-cv-01206 KES SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Doc. 29 |

Petitioner Fabian Alexander Alvarenga Matute is a former immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting his detention violated his due process rights under the Fifth Amendment. *See generally* Doc. 2.

On September 17, 2025, Petitioner filed a motion for temporary restraining order. Doc. 7. The Court granted the motion and ordered Respondents to release Petitioner immediately. Doc. 14. The Court subsequently granted a preliminary injunction and referred the petition to the magistrate judge for further proceedings. Doc. 26.

On February 10, 2026, the magistrate judge issued findings and recommendations to grant the petition for writ of habeas corpus, for the same reasons the Court found Petitioner was entitled to preliminary relief. Doc. 29 at 2 (citing Doc. 14 at 10-11). The findings and recommendations

were served upon all parties and contained notice that any objections were to be filed within 21 days. *Id.* No objections were filed.

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review. Having carefully reviewed the matter, the Court concludes that the findings and recommendations are supported by the record and proper analysis. The Court **ORDERS**:

1. The findings and recommendations issued on February 10, 2026 (Doc. 29) are **ADOPTED** in full.

2. The petition for writ of habeas corpus is **GRANTED**.

3. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner Fabian Alexander Alvarenga Matute unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

4. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   May 1, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] This Order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal.